UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61755-LEIBOWITZ/AUGUSTIN-BIRCH

MICHAEL O'BYRN,

    Plaintiff,

v.

ALLIED HOME IMPROVEMENT, INC.,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

This cause comes before the Court on the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. DE 10. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 11. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Joint Motion [DE 10] be **GRANTED**, that the parties' Settlement Agreement [DE 10-1] be **APPROVED**, and that this case be **DISMISSED WITH PREJUDICE**.

Plaintiff Michael O'Byrn filed this action against Defendant Allied Home Improvement, Inc., his former employer, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him his full and proper minimum wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $15,035, comprised of $7,517.50 for unpaid wages and $7,517.50 for liquidated damages. DE 10-1 at 3. Plaintiff's counsel will receive $3,965 for fees and costs. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties discuss the *Leverso* factors for the Court. The parties first state that they are represented by counsel experienced in litigating claims under the FLSA and that their counsel believe the settlement is fair and reasonable. DE 10 at 2. The parties also note that they settled in order to avoid the uncertainties of litigation and attorney's fees associated with FLSA matters. *Id.* As such, the parties maintain that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for a little over a month before the parties notified the Court of their settlement, likely before meaningful discovery had begun and before any mediation, settlement conference, or motion practice. This early settlement avoided the accumulation of additional fees and costs, and the Court has no reason to believe that the settlement is a product of fraud or collusion. Accordingly, the Court concludes that the application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a release clause. DE 10-1 at 1. Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). Here, the parties have received the advice of experienced counsel, and counsel believe that the settlement is fair and reasonable in its entirety. Under these circumstances, the Court recommends approval of the release clause.

The Settlement Agreement also contains a confidentiality clause requiring Plaintiff to keep the contents of the Settlement Agreement confidential. DE 10-1 at 2. Courts often decline to approve confidentiality clauses in FLSA settlement agreements. *E.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (stating that a confidentiality provision in an FLSA settlement agreement "thwarts Congress's intent to ensure widespread compliance with the statute" by "silencing the employee who has vindicated a disputed FLSA right"). However, given that the Settlement Agreement is filed on the record and publicly available, the Court recommends approval of the confidentiality clause. *See King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064-CIV, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (describing a confidentiality clause in an FLSA settlement agreement as being "essentially irrelevant" once the settlement agreement is filed in the public record (quotation marks omitted)).

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As part of the Settlement Agreement, Plaintiff's counsel will receive $3,965 for fees and costs. DE 10-1 at 3. Plaintiff's counsel submitted billing

3

records, and these records reflect costs of $465 and 16.2 hours of work on this matter. DE 13-1 at 6. After subtracting $465 in costs from the Settlement Agreement's provision of $3,965 for Plaintiff's counsel, $3,500 remains to compensate Plaintiff's counsel in fees. Dividing $3,500 by the total 16.2 hours of work Plaintiff's counsel claims equates to an hourly rate of $216. The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include standard provisions such as an acknowledgement of having read the Settlement Agreement, a severability clause, and a choice-of-law provision. *See* DE 10-1 at 3–5. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the parties' Joint Motion for Approval of Settlement [DE 10] be **GRANTED** and that the Settlement Agreement [DE 10-1] be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**. Since the parties request for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, DE 10 at 2, the Court also recommends retaining jurisdiction to enforce the terms of the Settlement Agreement.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 7th day of April, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE